IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO:

**JOHN TIMOTHY LEWIS**,
    Plaintiff,

v.

**KRISTI NOEM**, in her official capacity
as Secretary of the United States Department
of Homeland Security,
    Defendant.
_____/

**COMPLAINT**
(Jury Trial Demanded)

    Plaintiff, John Timothy Lewis, by counsel, sues the Defendant, Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security, for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the First Amendment to the United States Constitution. For his Complaint, Plaintiff alleges:

PARTIES

1. Plaintiff, John Timothy Lewis ("Lewis"), is a male citizen of the United States and a resident of Sumter County, Florida, and previously, of Broward County, Florida. Plaintiff is seventy (70) years old, having been born on September 28, 1954. Plaintiff is a Christian. Plaintiff is a retired Air Force officer who has been employed by the Transportation Security Administration ("TSA"), a component of the U.S. Department of Homeland Security, since January 7, 2007. Plaintiff currently serves as Deputy Federal Security Director ("DFSD"), SW-340-02 (TSES), at Miami International Airport.

2. Defendant, Kristi Noem, is the Secretary of the U.S. Department of Homeland Security and is named in her official capacity. Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. The U.S. Department of Homeland Security is a federal agency subject to the employment discrimination laws applicable to federal agencies.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First Amendment to the United States Constitution.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(e) as Plaintiff's duty station is located in Miami-Dade County, Florida, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## CONDITIONS PRECEDENT

5. On April 15, 2022, Plaintiff initiated contact with an EEO Counselor regarding the discriminatory act that occurred on March 31, 2022, when TSA failed to select him for the Federal Security Director position at Miami International Airport.

6. On June 6, 2022, TSA notified Plaintiff of the conclusion of EEO counseling and his right to file a formal complaint of discrimination.

7. Plaintiff timely filed his formal EEO complaint on June 20, 2022, which was officially initiated by letter on July 18, 2022, under Agency Case No. HS-TSA-01714-2022.

8. On October 26, 2022, TSA forwarded the Investigative File to Plaintiff with notice of his right to request a hearing. On November 22, 2022, Plaintiff filed a request for hearing before an EEOC Administrative Judge.

9. On February 20, 2024, the EEOC Administrative Judge issued a decision without hearing, finding no discrimination. On March 19, 2024, the Department of Homeland Security, Office for Civil Rights and Civil Liberties (CRCL) issued a Final Order fully implementing the Administrative Judge's decision, and the Final Action was emailed to Plaintiff on March 22, 2024.

10. On April 23, 2024, Plaintiff timely filed an appeal with the EEOC Office of Federal Operations under EEOC Appeal No. 2024003223. On April 22, 2025, the EEOC affirmed the Agency's final order finding no discrimination, thereby exhausting Plaintiff's administrative remedies and providing him with the right to file this civil action within ninety (90) days of receipt of the final EEOC decision.

## FACTUAL ALLEGATIONS

11. Lewis has been employed by the Transportation Security Administration since January 7, 2007, initially serving as Federal Security Director (FSD), SW-0304-03, at Fort Lauderdale-Hollywood International Airport (FLL). On July 14, 2013, Lewis was reassigned from FSD to Deputy Federal Security Director (DFSD), SW-340-02 (TSES), at Miami International Airport (MIA), where he continues to serve. Lewis is a retired Air Force officer with extensive experience as a security subject matter expert for Department of Defense contractors.

12. On September 7, 2021, TSA issued vacancy announcement number HQ-SO-21-005236-ERD for Federal Security Director positions, with the announcement open through October 7, 2021. The announcement listed 29 vacancies across various locations, including Miami International Airport. Lewis applied for the FSD position in January 2022, listing MIA as his preferred location.

13. In October 2021, prior to applying for the FSD position, Lewis submitted a request for religious accommodation to TSA's mandatory COVID-19 vaccination requirement. Lewis's request was based on his Christian belief that the vaccine contained cells from aborted fetuses. Lewis had previously engaged in protected EEO activity, including grievances and EEO complaints in 2015 and 2016, and EEOC Appeal No. 202100ZZZZ related to his religious accommodation request.

14. Initial interviews for the FSD position were conducted on January 28, 2022, by a panel consisting of Jesus Presas (Lead), Daniel Wyllie, and Jenel Chang. Fourteen candidates were on the certificate of eligibles, with six candidates interviewed. Lewis was initially removed from the interview list but was later interviewed on February 18, 2022, following a special request by Paul Leyh, Executive Director for Large Hubs.

15. Following the interviews, the candidates received the following scores: Jeffries (15), Hawko (14), Lewis (11), Lowrey (9), Williams (9), and Byers (7). Although Jeffries received the highest score, he was not selected due to pending disciplinary action.

16. On or around January 8, 2022, Lewis sent an email to Paul Leyh stating that he "had 5 more good years in me and I had great ideas to continue to keep MIA improving and sustaining

excellence." In response to this communication, Leyh made discriminatory comments calling Lewis a "dinosaur getting ready to retire," demonstrating age-based animus and stereotyping.

17. On February 23, 2022, TSA opened a resume call to all current TSES members for seven days to expand the candidate pool. Four resumes were received: Jenel Chang, David Cinalli, Girard Phelan, and Louis Traverzo. Notably, Jenel Chang had served as a panel member on the interview committee that evaluated Lewis and other candidates for the same position she was now seeking.

18. Susan Tashiro, Assistant Administrator of Domestic Aviation Operations, served as the recommending official for the selection. On March 16, 2022, Tashiro recommended Jenel Chang to the Executive Resources Council (ERC), and on the same date, the ERC approved Chang for the MIA FSD position. The selection was made on March 31, 2022, constituting the discriminatory act.

19. The selection of Chang was highly irregular and unprecedented. Jesus Presas, the lead panel member who conducted the interviews, declared under penalty of perjury that Chang's selection was "very odd and quite unbelievable" because she had participated in the interview process for the same position. This irregularity suggests that the selection process was pretextual and designed to circumvent the merit-based selection of qualified candidates like Lewis.

20. Chang, who was over 40 years old, Christian, and had prior EEO activity, shared the same protected characteristics as Lewis. However, the agency's selection of Chang over Lewis was based on discriminatory considerations related to Lewis's age and religion, as well as retaliation for his protected EEO activity.

21. The agency's stated reason for not selecting Lewis was that he "had experience working within MIA, but he had challenges managing and leading a large workforce." This justification was pretextual, as Lewis had successfully served in leadership positions throughout his career and had demonstrated his ability to manage large, complex operations during his tenure at both FLL and MIA.

22. As a result of the discriminatory non-selection, Lewis has suffered significant damages including loss of career advancement opportunities, reduced earning potential, emotional distress, and damage to his professional reputation. Lewis was denied the opportunity to serve as FSD at MIA, a position for which he was qualified and which represented the natural progression of his career with TSA.

23. The discriminatory actions taken by TSA constitute violations of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the First Amendment to the United States Constitution, as TSA's actions were motivated by Lewis's age, religion, and prior protected activity.

## COUNT I
Age Discrimination in violation of the
Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

24. Plaintiff re-alleges ¶¶ 1 through 23 above as if fully set forth herein.

25. Defendant discriminated against Plaintiff based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., by failing to select him for the Federal Security Director position at Miami International Airport despite his qualifications and experience.

26. At the time of the discriminatory act on March 31, 2022, Plaintiff was 67 years old and therefore a member of the protected class under the ADEA. Defendant's decision not to select Plaintiff was motivated by age-based animus and stereotyping, as evidenced by Paul Leyh's discriminatory comments referring to Plaintiff as a "dinosaur getting ready to retire."

27. The selection process was pretextual, as demonstrated by the irregular procedure of allowing Jenel Chang, who served on the interview panel, to later apply for and receive the same position. This deviation from standard hiring practices was designed to circumvent the merit-based selection of qualified older candidates like Plaintiff.

28. As a direct, natural, foreseeable and proximate result of Defendant's discriminatory actions, Plaintiff has suffered injuries and losses including violation of his statutory rights, loss of career advancement opportunities, reduced earning potential, pain and suffering, extreme emotional distress, and damage to his professional reputation, all of which injuries and losses are continuing and permanent in nature.

COUNT II
Religious Discrimination in violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

29. Plaintiff re-alleges ¶¶ 1 through 23 above as if fully set forth herein.

30. Defendant discriminated against Plaintiff based on his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by failing to select him for the Federal Security Director position at Miami International Airport because of his Christian faith and his request for religious accommodation.

31. Plaintiff's request for religious accommodation to the mandatory COVID-19 vaccination requirement, based on his Christian belief that the vaccine contained cells from aborted

fetuses, was known to Defendant and factored into the decision not to select him for the FSD position.

32. Defendant's failure to select Plaintiff was motivated by religious animus and the desire to avoid accommodating his religious beliefs, despite his qualifications and experience for the position.

33. As a direct, natural, foreseeable and proximate result of Defendant's discriminatory actions, Plaintiff has suffered injuries and losses including violation of his statutory rights, loss of career advancement opportunities, reduced earning potential, pain and suffering, extreme emotional distress, and damage to his professional reputation, all of which injuries and losses are continuing and permanent in nature.

## COUNT III
### Retaliation in violation of
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

34. Plaintiff re-alleges ¶¶ 1 through 23 above as if fully set forth herein.

35. Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for engaging in protected EEO activity, including filing grievances and EEO complaints in 2015 and 2016, filing EEOC Appeal No. 202100ZZZZ related to his religious accommodation request, and requesting religious accommodation to the mandatory COVID-19 vaccination.

36. Defendant's failure to select Plaintiff for the Federal Security Director position was motivated by a retaliatory animus against him for his prior protected EEO activity and his continued advocacy for his rights under federal employment discrimination laws.

37. The timing and circumstances of Defendant's non-selection of Plaintiff, occurring shortly after his religious accommodation request and in the context of his history of EEO activity, demonstrate a causal connection between his protected activity and the adverse employment action.

38. As a direct, natural, foreseeable and proximate result of Defendant's retaliatory actions, Plaintiff has suffered injuries and losses including violation of his statutory rights, loss of career advancement opportunities, reduced earning potential, pain and suffering, extreme emotional distress, and damage to his professional reputation, all of which injuries and losses are continuing and permanent in nature.

## COUNT IV
### Violation of the First Amendment to the United States Constitution

39. Plaintiff re-alleges ¶¶ 1 through 23 above as if fully set forth herein.

40. Defendant violated Plaintiff's rights under the First Amendment to the United States Constitution by discriminating against him based on his religious beliefs and his exercise of free speech in requesting religious accommodation.

41. Plaintiff's request for religious accommodation based on his Christian faith constituted protected speech and religious exercise under the First Amendment, and Defendant's adverse employment action in response to this protected activity violated his constitutional rights.

42. Defendant's actions were taken under color of federal law and deprived Plaintiff of his constitutional rights, creating a cause of action under 42 U.S.C. § 1983.

43. As a direct, natural, foreseeable and proximate result of Defendant's constitutional violations, Plaintiff has suffered injuries and losses including violation of his constitutional rights, loss

of career advancement opportunities, reduced earning potential, pain and suffering, extreme emotional distress, and damage to his professional reputation, all of which injuries and losses are continuing and permanent in nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. Entry of judgment in Plaintiff's favor and against Defendant;

B. Award Plaintiff appropriate economic relief;

C. Award Plaintiff back pay, benefits, and other compensation that would have been received but for Defendant's discriminatory actions;

D. Award Plaintiff compensatory damages including, but not limited to, damages for emotional pain and suffering, mental anguish, injury to reputation, and loss of capacity to enjoy life;

E. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to applicable federal statutes;

F. Grant declaratory and injunctive relief prohibiting Defendant from continuing to engage in the discriminatory practices alleged herein; and

G. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

**DATED JULY 15, 2025**                                   **FOR PLAINTIFF:**

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
FBN: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
2645 Executive Park Drive
Weston, Fla. 33331
(954) 618-1041